UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT W. JOHNSON,

        Plaintiff,

-against-

OWN OF ONONDAGA; NYSDOT; CITY OF SYRACUSE; NEW YORK STATE; NEW YORK STATE DEPARTMENT OF TRANSPORTATION,

        Defendants.

19-CV-11128 (CM)

ORDER OF DISMISSAL AND TO SHOW CAUSE UNDER 28 U.S.C. § 1651

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff Robert W. Johnson, appearing *pro se,* brings this action alleging that he was involved in a motor vehicle accident on February 3, 2017 in Syracuse, New York. By order dated January 10, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest,*" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff alleges that on February 3, 2017, he was involved in a motor vehicle accident in Syracuse, New York. As a result of the accident, Plaintiff "suffered multiple injuries & disabilities." (ECF No. 2 at 3.)[1] On December 2, 2019, two days before Plaintiff filed this action, he filed an action in this Court regarding a motor vehicle accident that occurred on February 1, 2017, in Buffalo, New York. *See Johnson v. New York State Dep't of Trans.*, ECF 1:19-CV-11127, 2 (S.D.N.Y. filed Dec. 2, 2019).

---

[1] Page numbers refer to those generated by the Court's electronic filing system.

Plaintiff has filed numerous actions here and in other federal district courts against Progressive Corporation Insurance Company ("Progressive") arising out of a January 28, 2017 car accident in Buffalo, New York. *See e.g., Johnson v. Victoria Fire & Casualty*, ECF 1:19-CV-2782, 5 (S.D.N.Y. August 29, 2019) (transferring action to the United States District Court for the Western District of New York); *Johnson v. Progressive Corp. Ins. Co.,* No. 19-CV-2103 (CEH) (M.D. Fla. filed Aug. 22, 2019); *Johnson v. Abel,* No. 19-CV-2865 (EAS) (S.D. Ohio Aug. 5, 2019) (dismissing action and deeming Plaintiff a vexatious litigator); *Johnson v. Smith*, No. 19-CV-2490 (EAS) (S.D. Ohio Aug. 5, 2019) (same); *Johnson v. Coe*, No. 19-CV-2428 (EAS) (S.D. Ohio Aug. 5, 2019) (same); *Johnson v. Law Offices of Jennifer S. Adams*, ECF 1:19-CV-6272, 4 (S.D.N.Y. July 15, 2019) (dismissing complaint as frivolous and for failure to state a claim and warning Plaintiff under 28 U.S.C. § 1651); *Johnson v. Progressive Corp. Ins. Co.*, No. 19-CV-0826 (SO) (N.D. Ohio July 15, 2019) (denying Plaintiff's application to proceed IFP, dismissing the action without prejudice, and granting Plaintiff 30 days to pay the filing fee and file a motion to reopen); *Johnson v. Nationwide Ins.*, *et al.*, No. 19-CV-1130 (S.D. Ohio June 5, 2019) (dismissing action for failure to state a claim); *Johnson v. Progressive Corp. Ins. Co.,* ECF 1:19-CV-2902, 9 (S.D.N.Y. May 22, 2019) (dismissing complaint without prejudice to the action filed in the Northern District of Ohio); *Johnson v. Victoria Fire & Casualty*, No. 19-CV-0154 (S.D. Ala. May 21, 2019) (dismissing action for failure to state a claim).

On August 5, 2019, Plaintiff filed an action suing among others, Catherine O'Hagan Wolfe, Clerk of Court of the United States Court of Appeals for the Second Circuit, who denied Plaintiff's appeal; the undersigned; and District Judge Louis L. Stanton, who dismissed several of Plaintiff's actions and warned Plaintiff that if he continued to file meritless actions, he could be barred from filing future actions IFP without prior permission. By order dated November 5,

2019, the Hon. Gregory H. Woods dismissed that action as frivolous, for failure to state a claim upon which relief may be granted, and for seeking monetary relief against Defendants who are immune from such relief, and ordered Plaintiff to show cause why an order should not be entered barring Plaintiff from filing any future action IFP in this Court without prior permission. *See Johnson v. O'Hagan Wolf*, ECF 1:19-CV-7337, 5 (S.D.N.Y. Nov. 5, 2019). Plaintiff did not file a declaration as directed, but instead, on November 13, 2019, Plaintiff filed a notice of appeal, and that appeal is pending.[2]

## DISCUSSION

**A.    Improper Venue**

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under § 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

---

[2] A review of the Public Access to Court Electronic Records (PACER) system reveals that since November 5, 2019, Plaintiff has filed 12 new actions in other federal district courts and, including this case, four new actions in this Court. *See Johnson v. New York State Ins. Fund*, ECF 1:19-CV-11831, 2 (S.D.N.Y. filed Dec. 20. 2019); *Johnson v. Progressive.com*, ECF 1:19-CV-11202, 2 (S.D.N.Y. filed Dec. 5, 2019); *Johnson v. New York State Dep't of Trans.*, ECF 1:19-CV-11127, 2 (S.D.N.Y. filed Dec. 2, 2019).

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff filed this complaint regarding events occurring exclusively in Syracuse, New York (Onondaga County). Plaintiff does not allege that a substantial part of the events or omissions underlying his claim arose in this District. Venue is therefore not proper in this Court under § 1391(b)(1) or (2).

In light of Plaintiff's litigation history, the Court finds that it is not in the interest of justice to transfer this matter to the United States District Court for the Northern District of New York. Instead, the Court dismisses it without prejudice.

In deference to Plaintiff's *pro se* status, the Court would normally provide Plaintiff an opportunity to amend the complaint, but the Court finds that the complaint's deficiencies cannot be cured with an amendment. Where an amendment would be futile, leave to amend is not required. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (court may dismiss complaint *sua sponte* and without providing leave to amend "where the substance of the claim pleaded is frivolous on its face").

**B.    Order to Show Cause**

In light of Plaintiff's litigation history, he is ordered to show cause why he should not be barred from filing any further actions in this Court IFP without first obtaining permission from this Court to file his complaint. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (*per curiam*) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard.").

Within thirty days of the date of this order, Plaintiff must submit to this Court a declaration setting forth good cause why the Court should not impose this injunction upon him.

5

If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why this injunction should not be entered, he will be barred as of the date of this order from filing any further actions IFP in this Court unless he first obtains permission from this Court to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed without prejudice for lack of venue. *See* 28 U.S.C. § 1406(a).

The Clerk of Court is further instructed to hold this matter open on the docket until a civil judgment is entered.

Plaintiff shall have thirty days to show cause why an order should not be entered barring Plaintiff from filing any future action IFP in this Court without prior permission. A declaration form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: January 27, 2020
       New York, New York

                                                 COLLEEN McMAHON
                                        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or respondent.

# DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____  _____
Executed on (date)          Signature

_____  _____
Name                        Prison Identification # (if incarcerated)

_____  _____
Address           City           State       Zip Code

_____  _____
Telephone Number (if available)    E-mail Address (if available)