UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT W. JOHNSON,

                Plaintiff,

-against-

NEW YORK STATE DEPARTMENT OF
TRANSPORTATION (NYSDOT); NEW YORK
STATE; ADESA CORPORATION,

                Defendants.

19-CV-11128 (CM)

BAR ORDER UNDER
28 U.S.C. § 1651

COLLEEN McMAHON, Chief United States District Judge:

    On December 2, 2019, Plaintiff filed this action *pro se*. On January 27, 2020, the Court dismissed the action without prejudice for lack of venue. *See* 28 U.S.C. § 1406(a). The Court also noted that Plaintiff had filed numerous other cases here and in other federal district courts arising out of a January 28, 2017 car accident in Buffalo, New York, and ordered Plaintiff to show cause within thirty days why he should not be barred from filing further actions *in forma pauperis* (IFP) in this Court without prior permission.

    Plaintiff did not file a declaration as directed, but instead, on February 10, 2020, he filed a notice of appeal. On February 3, 2021, Plaintiff filed a motion to proceed IFP on appeal. On February 4, 2021, the Second Circuit notified Plaintiff that his motion to proceed IFP on appeal was defective, and that court granted Plaintiff until February 25, 2021, to cure the defect. Because Plaintiff failed to cure the defect, by Mandate dated March 10, 2021, the United States Court of Appeals for the Second Circuit dismissed the appeal for Plaintiff's failure to properly

move for permission to proceed IFP or pay the filing fee. *Johnson v. New York State Dep't of Trans.*, No. 20-3937 (2d Cir. Mar. 10, 2021).[1]

Because Plaintiff has not filed a declaration to assert arguments against imposing the bar order, Plaintiff is barred from filing any further actions IFP in this Court unless he first obtains permission from this Court to do so.[2]

## CONCLUSION

The Court bars Plaintiff from filing future civil actions IFP in this Court without first obtaining from the Court leave to file. *See* 28 U.S.C. § 1651. Plaintiff must attach a copy of his proposed complaint and a copy of this order to any motion seeking leave to file. The motion must be filed with the Pro Se Intake Unit of this Court. If Plaintiff violates this order and files an action without filing a motion for leave to file, the Court will dismiss the action for failure to comply with this order.

Plaintiff is further warned that the continued submission of frivolous documents may result in the imposition of additional sanctions, including monetary penalties. *See id.*

The Clerk is directed to close this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

---

[1] The reason for the Second Circuit's one-year delay in processing Plaintiff's appeal is unclear.

[2] Plaintiff has been previously barred from filing IFP actions in this Court. By order dated July 12, 2020, the Hon. Gregory H. Woods barred Plaintiff, as of November 5, 2019, from filing any further actions IFP in this Court unless he first obtains permission from this Court to do so. *See Johnson v. O'Hagan Wolf*, ECF 1:19-CV-7337, 8 (S.D.N.Y. July 12, 2020).

3

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  April 1, 2021
        New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge